[601 NYS2d 313]

In the Matter of NORMAN F. RUSSAKOFF (Admitted as NORMAN FREDERICK RUSSAKOFF), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 9, 1993

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Nicholas C. Cooper,* Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with six allegations of professional misconduct. The Special Referee sustained Charges One through Four, except with respect to Code of Professional Responsibility DR 1-102 (A) (4), which provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation, sustained Charge Five, and failed to sustain Charge Six. The Grievance Committee moves to (1) confirm the report of the Special Referee to the extent that it sustains Charges One through Five, (2) disaffirm the report to the extent that it fails to find a violation of DR 1-102 (A) (4) with respect to Charges One through Four, (3) sustain Charges One through Four in their entirety, and (4) impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves to (1) confirm the Special Referee's report to the extent that it finds the respondent not guilty of violating DR 1-102 (A) (4) as alleged in Charges One through Four, (2) dismiss Charges One through Four on the grounds that, lacking proof of a violation of DR 1-102 (A) (4), neither conversion nor issuing a bad escrow check have been established, (3) disaffirm the Special Referee's finding that the respondent is guilty of commingling as alleged in Charge Five, and (4) impose a censure upon the respondent as appropriate discipline based upon "any minor Code violations" in view of mitigating circumstances.

Charge One alleged that the respondent converted funds entrusted to him to his own use in the course of representing a client in the sale of real property. On or about November 6, 1987, the respondent was entrusted, as fiduciary, with the sum of $22,200 which represented a down payment on said real property being purchased from his client. The respondent

deposited those funds into his Chemical Bank Special Account on November 6, 1987.

On February 2, 1988, the balance in that account had been depleted to $5,426.17, well below the $22,200 the respondent was required to maintain in escrow. By virtue of the foregoing, respondent violated Code of Professional Responsibility, DR 1-102 (A) (1), (4) and (7), and DR 9-102.

Charge Two alleged that the respondent converted client funds entrusted to him in connection with the real estate closing conducted on or about February 16, 1988, with respect to the property which was the subject of Charge One. At the closing, the respondent appeared as attorney for the seller. He was unable to provide a certificate of occupancy for the premises and agreed to hold $5,000 from the contract deposit in escrow until a certificate of occupancy was obtained. On or about February 19, 1988, the balance in the respondent's Special Account was depleted to $4,459.62. The respondent did not release any funds from this escrowed amount to either party before November 9, 1989. By October 16, 1989, the balance in the respondent's Special Account had been depleted to $3,217.43. By virtue of the foregoing, the respondent violated DR 1-102 (A) (1), (4) and (7), and DR 9-102.

Charge Three alleged that the respondent converted client funds to his own use. On or about October 20, 1988, he was entrusted, as fiduciary, with $32,500 as a down payment on real property. The respondent deposited that sum into his Chemical Bank Special Account on October 20, 1988. On November 8, 1988, the balance in that account was depleted to $8,493.79, well below the $32,500 the respondent was required to maintain in escrow. By virtue of the foregoing, the respondent violated DR 1-102 (A) (1), (4) and (7), and DR 9-102.

Charge Four alleged that the respondent engaged in professional misconduct by issuing a check drawn upon his escrow account which failed to clear that account when presented for payment. On or about March 11, 1988, the respondent drew check No. 2072 upon his Chemical Bank Special Account in the sum of $26,993.03. At that time, the balance in that account was approximately $7,000. That check was returned due to insufficient funds. By virtue of the foregoing, the respondent violated DR 1-102 (A) (1), (4) and (7), and DR 9-102, as well as 22 NYCRR 691.12.

Charge Five alleged that the respondent commingled personal funds with escrow funds entrusted to him. In so doing, the respondent violated DR 9-102 (A) and 22 NYCRR 691.12.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained Charges One through Five, but improperly failed to find a violation of DR 1-102 (A) (4) with respect to Charges One through Four. The respondent unequivocally conceded that he had withdrawn money from his escrow account in anticipation of other funds coming in, which funds he had not yet received. The respondent resorted to escrow moneys to meet various personal expenses, including but not limited to his son's bar mitzvah celebration. Inasmuch as the evidence supports a finding that the respondent's invasion of his escrow account involved dishonesty, the Special Referee erred in failing to find a violation of DR 1-102 (A) (4) with respect to Charges One through Four. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted in its entirety, and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the evidence of good moral character submitted by the respondent as well as his allegations that he has fully cooperated with the Grievance Committee and that no one suffered any financial loss in consequence of his actions. Nevertheless, when asked to testify regarding his escrow records, the respondent invoked his constitutional privilege against self-incrimination, claiming that his testimony could be used to suspend him. Moreover, at least one of the respondent's clients died before the funds that she was entitled to receive from the sale of her property were returned. Under the circumstances, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Norman F. Russakoff, admitted under the name Norman Frederick Russakoff, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Norman F. Russakoff is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.